**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00080-KDB
(5:19-cr-00031-KDB-DCK-1)**

| | |
|---|---|
| **BRIAN SCOTT HARDEN,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1]

**I.      BACKGROUND**

On April 16, 2019, Pro Se Petitioner Brian Scott Harden ("Petitioner") was charged in a Bill of Indictment with one count of knowing receipt of child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(2)(B) (Count One); one count of knowing distribution of child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(2)(B) (Count Two); and one count of knowing possession with intent to view child pornography shipped in interstate commerce involving a prepubescent minor and a minor under age 12 in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three). [CR Doc. 1: Bill of Indictment]. Petitioner agreed to plead guilty to Count Two and admitted to in fact being guilty of this charge, and the Government

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:21-cv-00080-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:19-cr-00031-KDB-DCK-1.

agreed to dismiss the remaining charges in the Indictment. [CR Doc. 12 at ¶¶ 1-2: Plea Agreement].

In the plea agreement, the parties agreed, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, to jointly recommend that the Court make the following findings and conclusions relative to the sentencing guidelines:

> a. The parties stipulate and agree that under U.S.S.G. §1B1.2(c), this plea agreement establishes that Defendant did commit the offenses described in Counts One and Three of the Indictment, each being in violation of 18 U.S.C. § 2252A(a). Therefore, he should be treated as if he had been convicted of those additional counts.[2]
>
> b. Pursuant to U.S.S.G. §3D1.2, Counts One through Three shall be grouped together into a single Group.
>
> c. The base offense level for the offenses is 22 pursuant to U.S.S.G. §2G2.2(a)(2).
>
> d. A two level enhancement pursuant to U.S.S.G. §2G2.2(b)(2) is applicable because the material involved prepubescent minors or minors who had not attained the age of twelve years.
>
> e. A five level enhancement pursuant to U.S.S.G. §2G2.2(b)(3)(B) is applicable because the defendant distributed the material in exchange for any valuable consideration, but not for pecuniary gain.
>
> f. A four level enhancement pursuant to U.S.S.G. §2G2.2(b)(4) is applicable because the offenses involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.
>
> g. A two level enhancement pursuant to U.S.S.G. §2G2.2(b)(6) is applicable because the offenses involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

---

[2] U.S.S.G. §1B1.2(c) provides that, "[a] plea agreement … containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)."

> h. A five level enhancement pursuant to U.S.S.G. §2G2.2(b)(7)(D) is applicable because the offenses involved 600 or more images.

[Id. at ¶¶ 8(a) – 8(g)]. As such, Petitioner agreed to recommend to the Court at sentencing a base offense level of 22 and 18 levels in enhancements. Petitioner also stipulated that there was a factual basis for his guilty plea and that he read and understood the Factual Basis filed with his plea agreement. [Id. at ¶ 12]. The Factual Basis provided, in pertinent part, as follows:

> 1. On or about June 13, 2018, the defendant did knowingly distribute visual depictions of prepubescent minors engaging in sexually explicit conduct.
>
> 2. Defendant distributed the visual depictions of the minors engaging in sexually explicit conduct using a means and facility of interstate and foreign commerce; he sent the visual depictions to another individual through Skype, which is an internet messaging application that, in addition to allowing users to video chat and send messages back and forth, allows users to send files such as images or videos to each other.
>
> 3. The visual depictions that the defendant distributed on or about June 13, 2018, included an adult man placing his penis into the vagina of a child who appears to be between seven and ten years old; and adult female sitting on the face of a naked child who appears to be between six and ten years old; a naked child, who appears to be between four and six years old, with an adult's penis in her mouth.

[Doc. 13 at 1-2: Factual Basis]. Finally, as part of his plea, Petitioner waived "all rights to contest the conviction and sentence in any appeal or post-conviction action," except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at ¶ 18].

Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 14: Acceptance and Entry of Guilty Plea]. A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See id.]. Under oath, Petitioner told the Court that he received a copy of the indictment and discussed

it with his attorney. [Id. at ¶ 8]. The Court then explained the charges and the maximum penalties and mandatory minimum sentences for those charges. [Id.]. Petitioner told the Court that he fully understood the charges against him, including any maximum or minimum penalties he faced. [Id. at ¶ 9]. The Petitioner further attested that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines might apply to his case and that, in some circumstances, Petitioner may receive a sentence higher or lower than that called for in the Guidelines. [Id. at ¶¶ 13, 15]. The Petitioner attested that he understood that the District Judge could not determine the applicable Guidelines range until after Petitioner's Presentence Investigation Report (PSR) was prepared. [Id. at ¶ 14]. The Petitioner told the Court that he understood that if his sentence is more severe than Petitioner expected, the Petitioner will still be bound by his plea and would have no right to withdraw it. [Id. at ¶ 17]. The Petitioner stated, under oath, that he is in fact guilty of the counts in the Bill of Indictment to which he was pleading guilty. [Id. at ¶ 24].

After the terms of the plea agreement were summarized, Petitioner told the Court that he was aware that a factual basis had been filed in his case and that he had read it, understood it, and agreed with it. [Id. at ¶¶ 25, 30-1]. Petitioner stated that no one had threatened, intimidated, or forced him to enter his plea of guilty. [Id. at ¶ 32]. Petitioner also statement that, other than the terms of his plea agreement, no one made him promises of leniency or a lighter sentence to induce him to plead guilty. [Id. at ¶ 33]. Finally, Petitioner told the Court that he was "satisfied with the services of [his] lawyer in this case." [Id. at ¶ 35].

Prior to Petitioner's sentencing hearing, a probation officer prepared a PSR. [CR Doc. 20]. The offense conduct described in the PSR mirrored the factual basis exactly. [Id. at ¶¶ 6-8]. With respect to the offense level computation, the probation officer noted the parties' stipulation under U.S.S.G. §1B1.2(c) that the plea agreement established that Petitioner did commit the offenses

described in Counts One and Three and each Count would be treated as if he had been convicted of those additional Counts. [Id. at ¶ 25]. The PSR also set forth the relevant conduct in detail. [Id. at ¶¶ 10-17]. The probation officer also found, in keeping with the plea agreement, that Counts One, Two, and Three were grouped for guideline calculation purposes under U.S.S.G. §3D1.2(d). [Id. at ¶ 26]. Because the guidelines called for a base offense level of 22 on Counts One and Two, as opposed to a base offense level of 18 on Count Three, the probation officer found, as the parties recommended in the plea agreement, that the base offense level was 22. [Id. at ¶ 27]. The probation officer also recommended a total of 18 levels in enhancements consistent with the parties' plea agreement stipulations, [Id. at ¶¶ 28-32; cf. CR Doc. 12 at ¶¶ 8(d) – 8(g)], for an adjusted offense level of 40 [CR Doc. 20 at ¶ 36]. With a three-level reduction for acceptance of responsibility, Petitioner's Total Offense Level (TOL) was 37. [Id. at ¶¶ 38-40]. With a Criminal History Category of I and a TOL of 37, the probation officer noted the guideline imprisonment range would have been 210 to 262 months. [Id. at ¶ 90]. However, because the statutory maximum sentence of 20 years, 18 U.S.C. § 2252A(b)(1), was less than the maximum of the guideline range, the guideline range was 210 months to 240 months, U.S.S.G. § 5G1.1(c)(1). [Id. at ¶¶ 89-90].

Petitioner was sentenced on April 30, 2020 and judgment on Petitioner's conviction was entered the next day. [CR Doc. 24: Judgment]. The Court sentenced Petitioner to a term of imprisonment of 210 months. [Id. at 2]. An Amended Judgment addressing restitution, but otherwise consistent with the original Judgment, was entered on August 12, 2020. [CR Doc. 29: Amended Judgment]. Petitioner did not appeal.

On May 17, 2021, Petitioner filed the pending Section 2255 motion to vacate. [CV Doc. 1]. In his Section 2255 motion, Petitioner claims his counsel was ineffective for (1) failing to investigate and present evidence of mitigating factors at sentencing, such as Petitioner's "mental

5

health issues" and "testimony from doctors," which would have established grounds for reduction of Petitioner's sentence; (2) failing to consult with Petitioner about the merits of appealing "several rulings in imposing a sentence;" and (3) failing to object to the "PSR's sentence calculations or factual descriptions." [Id. at 5-7].

For relief, Petitioner seeks a reduction in his sentence. [Id. at 13].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief

under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Further, a petitioner must show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

### A. Mitigating Factors at Sentencing

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S.

7

at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). To support an ineffective assistance claim based on the failure to investigate, a petitioner must present specific information to show what favorable evidence the investigation would have yielded. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996).

Here, Petitioner contends that his counsel was ineffective because he failed "to investigate and present mitigating factors to the Court at sentencing." [CV Doc. 1 at 5]. Petitioner argues that his attorney failed to present evidence at sentencing regarding Petitioner's "mental health issues" and "testimony from doctors" establishing grounds for a sentence reduction. [Id.]. Petitioner, however, does not allege what favorable evidence an investigation would have yielded. See Beaver, 93 F.3d at 1195. Nor does Petitioner allege what a doctor could or would have testified to or what mental health issues would have established grounds for a reduction in Petitioner's sentence. In this regard, Petitioner also fails to demonstrate that his sentence would have been more lenient but for his attorney's alleged errors. See Royal, 188 F.3d at 249.

Moreover, the PSR that was before the Court at sentencing described Petitioner's mental and emotional health issues. [CR Doc. 20 at ¶¶ 69-71]. It provided that Petitioner began therapy for sexual deviant behavior and sex addiction in 2019, which he continued for approximately eight months prior to his detainment. [Id. at ¶ 69]. The PSR also provided that Petitioner was diagnosed with depression and anxiety in or about 2015 and that he was prescribed medication to treat these conditions. [Id. at ¶ 70]. The PSR also stated that Petitioner was recently awarded 100% disability for depression and anxiety, that he has had suicidal ideations since he was 25 years old, and that "he had a firearm inside his mouth on multiple occasions." [Id. at ¶ 71]. As such, it appears that

Petitioner's mental health issues were before the Court, in any event. The Court will, therefore, dismiss this claim.

### B. Objections to the PSR

On this issue, Petitioner claims only that his attorney failed to object to the sentencing calculations and factual descriptions in the PSR. [CV Doc. 1 at 7]. This claim is subject to dismissal as vague and conclusory. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Petitioner does not point to any particular calculation or fact to which his attorney should have objected. Petitioner also fails to demonstrate that his sentence would have been more lenient but for his counsel's alleged, though unsupported, error. See Royal, 188 F.3d at 249.

Moreover, the sentencing calculations and offense conduct in the PSR were wholly consistent with the parties' plea agreement stipulations and the factual basis incorporated into the plea agreement, respectively. As such, Petitioner has not and cannot show that objections to these items by his attorney would have changed the result in any respect and may very well have resulted in loss of the benefit of plea agreement itself. The Court will, therefore, dismiss this claim.

### C. Consultation Regarding Appeal

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes *per se* ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

Petitioner claims that his counsel was ineffective for failing to consult with Petitioner regarding the merits of taking an appeal from "several rulings [by the Court] in imposing a sentence." [CV Doc. 1 at 6]. Petitioner, however, does not state what those rulings were nor does he claim that he clearly instructed his attorney to file a notice of appeal and that his attorney failed to do so. Petitioner, therefore, has failed to show deficient performance of his attorney relative to an appeal. This claim will be dismissed on these grounds and because it is vague and conclusory in the first instance. See Dyess, 730 F.3d at 359-60.

In sum, for the reasons stated herein, Petitioner cannot show deficient performance or prejudice on any ground for relief. His ineffective assistance claims are, therefore, denied.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: June 3, 2021

Kenneth D. Bell
United States District Judge